2005-NMCA-104

117 P.3d 960

**SOUTHERN FARM BUREAU CASUALTY COMPANY,**
Plaintiff–Appellant,

v.

**Eddy HINER, Defendant–Appellee.**

No. 24,822.

Court of Appeals of New Mexico.

June 9, 2005.

Certiorari Denied, No. 29,305, Aug. 5, 2005.

**156**

Randy Knudson, Doerr & Knudson, P.A., Portales, NM, for Appellant.

Eric D. Dixon, Attorney and Counselor at Law, P.A., Portales, NM, for Appellee.

## OPINION

WECHSLER, Judge.

{1} This case requires that we address the requirements of a claim for malicious abuse of process. Defendant Eddy Hiner had previously filed a lawsuit against Plaintiff Southern Farm Bureau Casualty Company (SFBC) and its insured, alleging that the insured had driven his vehicle into storage sheds on Hiner's property, damaging them.

SFBC disputed Hiner's claim and, when the claim was dismissed, filed this action for malicious abuse of process and fraud. Hiner moved for summary judgment, which the district court granted, and SFBC now appeals. We hold that the district court did not err in concluding that Hiner had probable cause to file the underlying lawsuit and that there were no genuine issues of material fact in dispute. We therefore affirm.

*Background*

{2} In the complaint filed in the underlying lawsuit, Hiner alleged that, on January 20, 2001, SFBC's insured drove into storage buildings on Hiner's property and then left the scene. Although SFBC disputes the number of buildings that were damaged, it does not dispute that the next day an officer from the Portales Police Department told Hiner that SFBC's insured was responsible for hitting the storage buildings. It is also undisputed that SFBC and its insured were subsequently dismissed from the underlying lawsuit and another person was named as the defendant. In his motion for summary judgment, Hiner produced the testimony of a police officer who had told Hiner that SFBC's insured, and not another person, was responsible for the damage.

{3} Following the dismissal of SFBC and its insured from the underlying lawsuit, SFBC filed this action against Hiner, alleging malicious abuse of process and fraud. In its amended complaint, SFBC alleged that the morning after the accident occurred, Hiner was informed that a person other than SFBC's insured was responsible for the damage to his property, but Hiner failed to investigate this information and, instead, demanded payment from SFBC and its insured. SFBC also alleged that Hiner falsely exaggerated the amount of damage that occurred, asserted a claim for punitive damages that was without basis, and failed to disclose the name of the person who had claimed responsibility for the property damage.

{4} Hiner moved to dismiss or, alternatively, for summary judgment, arguing that the undisputed facts showed that SFBC had not presented evidence to support all the ele-

ments of its claims for malicious abuse of process and fraud, entitling him to judgment as a matter of law. In its response, SFBC argued that disputed issues of material fact remained. The district court agreed with Hiner and granted the motion for summary judgment. The court filed its letter ruling on December 31, 2003. At the time of this ruling, the court appeared unaware that SFBC had filed a motion for partial summary judgment on December 29, 2003. In this motion, SFBC argued that it was entitled to summary judgment on its malicious abuse of process claim based on Hiner's allegations in the underlying lawsuit that SFBC had acted in bad faith. SFBC also appears to have asked the court to reconsider its ruling granting Hiner's motion for summary judgment. In its order granting Hiner's motion for summary judgment, the court denied SFBC's motion for partial summary judgment and its motion to reconsider. This appeal followed.

*SFBC'S Malicious Abuse of Process Claim*

{5} SFBC raises two general issues on appeal: that legal presumptions and genuine issues of material fact preclude summary judgment in favor of Hiner and that Hiner failed to provide evidence to rebut SFBC's allegation that he lacked probable cause to sue SFBC directly. The first issue arises from Hiner's motion for summary judgment and the second from SFBC's motion for partial summary judgment or to reconsider.

■■■ {6} As the district court stated in its letter ruling, the elements of the tort of malicious abuse of process are:

(1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages. In short, there must be both a misuse of the power of the judiciary by a litigant and a malicious motive.

*DeVaney v. Thriftway Mktg. Corp.*, 1998–NMSC–001, ¶ 17, 124 N.M. 512, 953 P.2d 277. In this case, there was no dispute about the existence of the first element of the tort. Instead, SFBC's arguments below and on appeal focus on the second element, the actions of Hiner in the underlying process and the evidence showing that those actions rose to the level of a misuse of the power of the judiciary. SFBC does not raise any argument on appeal with regard to its fraud claim, and we consider any argument that the district court improperly granted summary judgment on that claim to be abandoned. *See State v. Foster*, 1999–NMSC–007, ¶ 41, 126 N.M. 646, 974 P.2d 140 ("[I]ssues not addressed in an appellant's brief will be deemed abandoned[.]").

{7} In *DeVaney*, our Supreme Court explained that the second element, misuse of process, can be satisfied in two ways: by a lack of probable cause to file a complaint or by "some irregularity or impropriety suggesting extortion, delay, or harassment." *DeVaney*, 1998–NMSC–001, ¶¶ 22, 28, 124 N.M. 512, 953 P.2d 277. But the Court warned that "we must construe the tort of malicious abuse of process narrowly in order to protect the right of access to the courts." *Id.* ¶ 19. The Court also warned that "[t]he lack of probable cause must be manifest" in order to establish that the filing of a complaint constituted an improper, overt act in the use of process necessary to establish the second element of the tort of malicious abuse of process. *Id.* ¶ 22.

{8} The district court ruled in this case that the undisputed material facts demonstrated that Hiner had probable cause to file the underlying lawsuit and that SFBC had not been able to raise a factual question about any procedural impropriety. The court also denied SFBC's motions for partial summary judgment and reconsideration. We first address whether the court erred in granting Hiner's motion for summary judgment and then address whether the court erred in denying SFBC's motions for partial summary judgment and reconsideration.

*Hiner's Motion for Summary Judgment*

■■ {9} "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to

judgment as a matter of law. The issue on appeal is whether the [defendant] was entitled to [judgment] as a matter of law. We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998–NMSC–046, ¶ 6, 126 N.M. 396, 970 P.2d 582 (citation omitted). "A defendant seeking summary judgment … bears the initial burden of negating at least one of the essential elements upon which the plaintiff's claims are grounded." *Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 231, 836 P.2d 1249, 1252 (Ct.App.1992). Once such a showing is made, the burden shifts to the plaintiff to come forward with admissible evidence to establish each required element of the claim. *Id.* at 232, 836 P.2d at 1253.

{10} In arguing that there were legal presumptions in favor of trial on the merits and genuine issues of material fact precluding summary judgment, SFBC raises four sub-issues: (1) that the district court incorrectly evaluated the legal significance of Hiner's voluntary dismissal of the underlying lawsuit; (2) that probable cause cannot be determined as a matter of law if material issues of fact are in dispute; (3) that material issues of fact existed concerning probable cause to sue SFBC directly; and (4) that factual issues existed as to procedural improprieties or misuse of process. The first three of these sub-issues arise from the court's determination that Hiner had probable cause to file the underlying lawsuit. The fourth sub-issue arises from the court's ruling that SFBC had not raised a question of fact over a procedural impropriety.

### (1) *Probable Cause*

■ {11} *DeVaney* emphasizes that although the filing of a complaint can, in some circumstances, constitute a malicious abuse of process, "the filing of a proper complaint with probable cause, and without any overt misuse of process, will not subject a litigant to liability for malicious abuse of process, even if it is the result of a malicious motive." *DeVaney*, 1998–NMSC–001, ¶ 20, 124 N.M. 512, 953 P.2d 277.

■ {12} It is well-settled that "the existence of probable cause in the underlying proceeding, that is, whether the facts amount to probable cause, is a question of law" which is to "be decided by the trial judge." *Id.* ¶¶ 24, 41. When "the essential facts on which the issue of probable cause turns" are not in dispute, the question is one of law and should not be submitted to the jury. *Weststar Mortgage Corp. v. Jackson*, 2003–NMSC–002, ¶ 17, 133 N.M. 114, 61 P.3d 823. Therefore, within the context of a malicious abuse of process claim, if the extent of a plaintiff's knowledge in the underlying suit at the time of the initiation of the action is not in dispute, the issue becomes one of law. *See id.*

■ {13} SFBC argues that the question of whether Hiner had probable cause to file the underlying lawsuit should not have been determined as a matter of law because material issues of fact were in dispute surrounding the filing of the complaint and the circumstances leading to its voluntary dismissal. Indeed, *DeVaney* supports the propositions that "some form of recovery for the original-proceeding plaintiff, is conclusive evidence of the existence of probable cause," and that dismissal can create an inference of lack of probable cause in some circumstances. *Id.* ¶ 23 (internal quotation marks and citation omitted). Nevertheless, a dismissal does not create an issue of fact when other undisputed facts establish that probable cause existed to support the underlying lawsuit at the time it was filed. *See Weststar Mortgage Corp.*, 2003–NMSC–002, ¶ 16, 133 N.M. 114, 61 P.3d 823 (stating that probable cause is to be judged by the facts as they appeared at the time of filing).

{14} In this case, as the district court determined, there was no factual question because the facts supporting a finding of probable cause at the time the case was filed were undisputed. Hiner produced evidence to support his factual assertion that he had been informed by the police that SFBC's insured was the person responsible for damaging his property. He produced evidence that the police had told him that another person was not responsible. SFBC did not produce evidence to rebut this testimony, but objected to it on hearsay grounds. The district court did not specifically rule on the issue of whether such a reported conversation was hearsay. However, the district

court would not have abused its discretion in ruling that the police officer's statement was not hearsay because the conversation was not introduced to support its truth, but only to demonstrate that such a conversation had occurred for the purposes of establishing probable cause. *See* Rule 11–801(C) NMRA. Moreover, even if the officer's statement was hearsay, it still would have been admissible for purposes of establishing probable cause. *See Zamora v. Creamland Dairies, Inc.,* 106 N.M. 628, 632, 747 P.2d 923, 927 (Ct.App. 1987) (stating that "even hearsay evidence may be used to establish probable cause").

{15} We are not persuaded by SFBC's argument that *Weststar Mortgage Corp.* supports the assertion that, in addition to Hiner's knowledge at the time he filed the underlying complaint, a "panorama" of circumstances was relevant to the question of probable cause and that those facts should have been determined by a jury. As we have discussed, our Supreme Court stated in *Weststar Mortgage Corp.* that when the plaintiff's extent of knowledge at the time of filing the underlying suit is not in dispute, the question of probable cause is one of law and should not be submitted to the jury. *Weststar Mortgage Corp.,* 2003–NMSC–002, ¶ 17, 133 N.M. 114, 61 P.3d 823.

{16} In this case, there was no dispute that Hiner had been told by the police investigating the property damage that SFBC's insured, and no one else, was responsible, and that SFBC did not meet its burden in disputing these essential facts. Similarly, Hiner's motives in filing suit are irrelevant if the complaint was supported by probable cause. *See DeVaney,* 1998–NMSC–001, ¶ 20, 124 N.M. 512, 953 P.2d 277. In light of the undisputed material facts, the district court did not err in ruling that Hiner had probable cause to file his complaint against SFBC's insured for damages.

{17} SFBC also argues that the district court erred in determining as a matter of law that Hiner had probable cause to sue SFBC in a direct action for unreasonably denying his claim because SFBC had no contractual relationship with Hiner. SFBC acknowledges that our Supreme Court has recognized that the insurance provider for a tortfeasor may be joined as a necessary party in a case brought pursuant to the Mandatory Financial Responsibility Act, NMSA 1978, §§ 66–5–201 to 66–5–239 (1978, as amended through 2003). *See Raskob v. Sanchez,* 1998–NMSC–045, ¶ 3, 126 N.M. 394, 970 P.2d 580. SFBC argues, however, that a plaintiff under that statute "could not proceed against the insurer alone." *Martinez v. Reid,* 2002–NMSC–015, ¶ 13, 132 N.M. 237, 46 P.3d 1237. Accordingly, SFBC contends that there was no basis for a direct and independent claim against SFBC for its denial of Hiner's claim.

{18} Hiner responds to this argument by noting that our Supreme Court pointed out that since 1984 New Mexico has recognized a private right of action against insurers who engage in unfair claims practices under the Insurance Code. *See Hovet v. Allstate Ins. Co.,* 2004–NMSC–010, ¶ 11, 135 N.M. 397, 89 P.3d 69; *see also* NMSA 1978, § 59A–16–20 (1997), and § 59A–16–30 (1990). Moreover, in *Hovet,* our Supreme Court clarified that its holding in *Russell v. Protective Insurance Co.,* 107 N.M. 9, 14, 751 P.2d 693, 698 (1988), recognizes a direct cause of action for unfair insurance practices for third-party claimants. *Hovet,* 2004–NMSC–010, ¶ 17, 135 N.M. 397, 89 P.3d 69. Based on our Supreme Court's determination in *Hovet* that the reasoning of *Russell* was applicable in insurance contexts other than workers' compensation and on the narrow construct of the tort of malicious abuse of process, *DeVaney,* 1998–NMSC–001, ¶ 19, 124 N.M. 512, 953 P.2d 277, it was not an abuse of process for Hiner to file a direct action against the insurance company. *See Hovet,* 2004–NMSC–010, ¶¶ 16–17, 135 N.M. 397, 89 P.3d 69.

{19} SFBC also argues that Hiner did not argue that his claim arose under the Insurance Code and that, even if it does, the Insurance Code permits such an action only when "liability has become reasonably clear." *See* § 59A–16–20(E). SFBC argues that in this case the complaint and amended complaint make no such allegation. Instead, SFBC suggests that the contested facts did not establish probable cause for the claim. We disagree. Probable cause does not re-

quire certainty; it requires "the reasonable belief, founded on known facts established after a reasonable [pre-trial] investigation, that a claim can be established to the satisfaction of a court or jury." *DeVaney*, 1998–NMSC–001, ¶ 22, 124 N.M. 512, 953 P.2d 277 (citation and footnote omitted). At the time Hiner filed his complaint, based on the information given to him by the Portales Police Department, it was reasonable for him to believe SFBC's insured was the party responsible for the damage to Hiner's property.

{20} We acknowledge that our Supreme Court stated that any "action for unfair claims practices based on failure to settle may only be filed *after* the conclusion of the underlying negligence litigation, and *after* there has been a judicial determination of fault in favor of the third party and against the insured." *Hovet*, 2004–NMSC–010, ¶ 25, 135 N.M. 397, 89 P.3d 69. However, because *Hovet* was filed after the commencement of the underlying lawsuit in this case, the requirement of a separate lawsuit does not demonstrate a lack of probable cause to file suit at the time the underlying lawsuit was filed. We therefore hold that the district court did not err when it determined that Hiner had probable cause to file his complaint in the underlying lawsuit.

### (2) *Procedural Impropriety*

{21} SFBC also argues, relying on *DeVaney*, that even if Hiner was able to establish probable cause to file his complaint, factual issues remained regarding procedural improprieties or misuse of the process that precluded summary judgment. *See DeVaney*, 1998–NMSC–001, ¶¶ 21, 28, 124 N.M. 512, 953 P.2d 277. SFBC argued below that evidence of Hiner's failure to disclose the name of the person who had told him he might be responsible for the damage to SFBC in answers to interrogatories, to the Texas Department of Insurance, to the insurance adjusters, to the district attorney's office, and during the course of the underlying litigation, constitutes evidence of procedural impropriety sufficient to cause a question of fact. In its supplemental response to Hiner's motion for summary judgment, SFBC also

argued that Hiner made an exaggerated claim for damages. The district court ruled as a matter of law that these allegations were not sufficiently outrageous to create a question of fact about whether a procedural impropriety had occurred.

{22} On appeal, SFBC argues that the district court applied the wrong standard in determining that only outrageous conduct could establish a procedural impropriety. SFBC contends that the district court was weighing facts, which was inappropriate on summary judgment. SFBC also suggests that Hiner's letter to the Texas Department of Insurance and claim filed against an insurance company could be viewed as extortion. In his answer brief, Hiner points out that it was undisputed that SFBC did not view the letter to the Department of Insurance as extortion or harassment, noting in its communications with the Department that Hiner had been patient in waiting for his claim to be processed. In addition, Hiner argues that his lawsuit and inquiries were based entirely on information he received from the Portales Police Department.

{23} The letter to the Texas Department of Insurance does not constitute legal process. *See Weststar Mortgage Corp.*, 2003–NMSC–002, ¶ 21, 133 N.M. 114, 61 P.3d 823 (stating that "a report to the authorities of possible criminal activity is not legal process and neither are the pre-trial investigative actions of the police"). Moreover, as our Supreme Court explained in *DeVaney*, extortion consists of "using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it." *DeVaney*, 1998–NMSC–001, ¶ 28, 124 N.M. 512, 953 P.2d 277 (internal quotation marks and citation omitted). In this case, Hiner did not apply pressure to compel the payment of a different debt. He initiated the lawsuit to compel a payment that he believed was an unpaid debt. *See id.* ¶ 30 (stating that one example of improper purpose is the initiation of proceedings "primarily for the purpose of inducing settlement in an unrelated proceeding"). SFBC did not produce evidence to show that Hiner's purpose in failing to mention the name of a person the police had said was not

connected to the damage to his property was to induce settlement in an unrelated proceeding. Thus, we find no error in the district court's determination that SFBC had not met its burden of raising a factual issue as to whether Hiner had committed a procedural impropriety.

*SFBC's Motion for Partial Summary Judgment*

{24} SFBC also argues that the district court erred in denying its motion for partial summary judgment, in which SFBC argued that Hiner lacked probable cause to sue SFBC directly. Although a defendant who moves for summary judgment has only to negate one of the essential elements of the claim, *see Blauwkamp,* 114 N.M. at 231, 836 P.2d at 1252, a plaintiff who moves for summary judgment has the burden of demonstrating that no genuine issue of material fact exists as to each element of the claim. *See Mayfield Smithson Enters. v. Com–Quip, Inc.,* 120 N.M. 9, 12, 896 P.2d 1156, 1159 (1995). Thus, in order to prevail, SFBC had the burden of proving, along with the other elements of malicious abuse of process, that Hiner lacked probable cause to sue SFBC directly.

{25} In light of our earlier determination that Hiner had probable cause to file the underlying lawsuit, we affirm the district court's denial of SFBC's motion for partial summary judgment.

*Conclusion*

{26} For the foregoing reasons, we affirm the district court's grant of Hiner's motion for summary judgment and the court's denial of SFBC's motions for partial summary judgment and reconsideration.

{27} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and IRA ROBINSON, Judges.