2008-NMCA-072

184 P.3d 1072

Carroll G. BASSETT, Mary Bassett, Gordon R. Bassett, Joyce Bassett Schuebel, Sharon Bassett Atencio, and Sarah Bassett, Plaintiffs–Appellants,

v.

SHEEHAN, Sheehan & Stelzner, P.A., Defendant–Appellee.

No. 27,195.

Court of Appeals of New Mexico.

April 17, 2008.

William G. Gilstrap P.C., William G. Gilstrap, Albuquerque, NM, for Appellants.

Rodey, Dickason, Sloan, Akin & Robb, P.A., John M. Brant, Charles K. Purcell, Albuquerque, NM, for Appellee.

## OPINION

CASTILLO, Judge.

{1} The Bassett family (Bassetts) appeal the trial court's order granting summary judgment in a legal malpractice claim against Sheehan, Sheehan & Stelzner, P.A. (Sheehan). Because we conclude that the Bassetts' claim presented no genuine issue of material fact, we affirm.

## I. BACKGROUND

{2} In 1984, the Bassetts sold a parcel of real estate to a buyer, William Turner (Turner). Clifford Atkinson (Atkinson) drafted the conveyance documents. Fourteen years later, Turner sued the Bassetts and claimed that he had retained the water rights appurtenant to the land because the deed did not properly sever them. The Bassetts employed Sheehan to defend the suit, and the Bassetts ultimately prevailed at the Supreme Court of New Mexico in *Turner v. Bassett,* 2005–NMSC–009, 137 N.M. 381, 111 P.3d 701.

{3} Soon after the victory, the Bassetts filed suit against Sheehan and Atkinson for legal malpractice. The Bassetts first alleged that Atkinson's preparation of the conveyance documents fell below the standard of care because the documents did not expressly exclude a transfer of water rights and, further, that Atkinson failed to warn the Bassetts that the documents should contain such an exclusion. Second, the Bassetts claimed that Sheehan incorrectly advised them of the applicable statute of limitations on their claim against Atkinson. He filed a motion to dismiss on August 30, 2005, and argued that the Bassetts' claim against him was barred because the statute of limitations had run two years prior to the filing of the complaint. The trial court granted Atkinson's motion, and he is no longer a party to this suit.

{4} Sheehan filed a motion for summary judgment and argued that "[i]f ... Atkinson did not commit any legal error in the way he

drafted the deed, as the statute then provided and as the Supreme Court ... confirmed [in *Turner*], then it follows that he could not have been negligent [ ]or breached any duty to his client." According to Sheehan, if Atkinson were not liable for negligence, then the Bassetts could not pursue their malpractice claim against Sheehan because the allegedly incorrect advice about the statute of limitations would have caused the Bassetts no harm. The trial court agreed with Sheehan and entered summary judgment in Sheehan's favor. The Bassetts appeal the order to this Court.

## II. DISCUSSION

{5} We review the trial court's order granting summary judgment de novo. *See Barbeau v. Hoppenrath*, 2001–NMCA–077, ¶ 6, 131 N.M. 124, 33 P.3d 675. "Summary judgment is proper when the material facts are undisputed and the only remaining issues are questions of law." *Bird v. State Farm Mut. Auto. Ins. Co.*, 2007–NMCA–088, ¶ 7, 142 N.M. 346, 165 P.3d 343, *cert. denied*, 2007–NMCERT–007, 142 N.M. 329, 165 P.3d 326. "A defendant seeking summary judgment ... bears the initial burden of negating at least one of the essential elements upon which the plaintiff's claims are grounded." *S. Farm Bureau Cas. Co. v. Hiner*, 2005–NMCA–104, ¶ 9, 138 N.M. 154, 117 P.3d 960 (internal quotation marks and citation omitted). "Once such a showing is made, the burden shifts to the plaintiff to come forward with admissible evidence to establish each required element of the claim." *Id.*

{6} The Bassetts essentially argue that Sheehan provided no evidence to negate the elements of legal malpractice and that, instead, the trial court and Sheehan relied solely on the *Turner* decision to conclude that there was no question of fact as to duty or breach of duty. Sheehan counters that the Bassetts failed to rebut Sheehan's prima facie case by producing evidence of a genuine issue of material fact that supported the claim against Atkinson. We agree with Sheehan and consider (1) whether Sheehan made a prima facie case for summary judgment and (2) whether in response to Sheehan's motion, the Bassetts came forward with

evidence to support the elements of their claim.

### A. Sheehan's Prima Facie Case

{7} The elements of legal malpractice are (1) the employment of the defendant attorney, (2) the defendant attorney's neglect of a reasonable duty, and (3) a loss to the plaintiff proximately caused by the defense attorney's neglect. *Akutagawa v. Laflin, Pick & Heer, P.A.*, 2005–NMCA–132, ¶ 11, 138 N.M. 774, 126 P.3d 1138. Because only the second element is at issue in the present case, we limit our analysis to Atkinson's duty to the Bassetts and whether that duty was breached.

### 1. Duty

{8} The Bassetts argue that the trial court erroneously determined that Atkinson owed no duty of care in this case. Whether or not a person has a duty is a question of law. *Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007–NMCA–122, ¶ 27, 142 N.M. 583, 168 P.3d 155, *cert. quashed*, 2008–NMCERT–002, 143 N.M. 667, 180 P.3d 674. An attorney's duty to a client is "to exercise the degree of knowledge or skill ordinarily possessed by others in his or her profession similarly situated." *Resolution Trust Corp. v. Barnhart*, 116 N.M. 384, 388, 862 P.2d 1243, 1247 (Ct.App.1993). According to the Bassetts, Atkinson's duty of care required him "to include an appropriate exclusion of water rights in the conveyance or to warn the client about the possible consequences if [the exclusion was] not included." The Bassetts conflate an attorney's duty to his client with the breach of that duty. The Bassetts' claim is more properly analyzed in the following manner: Was Atkinson's omission of an express exclusion of water rights from the deed a failure to "exercise the degree of knowledge or skill ordinarily possessed by others in his or her profession similarly situated"? *Id.; see also Dunleavy v. Miller*, 116 N.M. 353, 357, 862 P.2d 1212, 1216 (1993) ("The duty owed—the exercise of ordinary care—thus remains constant, 'while the conduct necessary to fulfill it varies with the circumstances.'") (*quoting*

*Bober v. N.M. State Fair*, 111 N.M. 644, 649, 808 P.2d 614, 619 (1991)).

## 2. Breach

{9} Breach of duty is generally a question to be decided by the fact-finder. *Lessard*, 2007–NMCA–122, ¶ 27, 142 N.M. 583, 168 P.3d 155. However, the Restatement (Third) of the Law Governing Lawyers § 52 cmt. b (2000) notes that "[i]n appropriate circumstances, a tribunal passing on a motion for summary judgment . . . may determine whether a lawyer has satisfied the duty." In the present case, our Supreme Court's decision in *Turner* directly addresses the legal efficacy of the actions taken by Atkinson. The Bassetts contend that *Turner* "ruled that an appropriate reservation of rights should have been included [in the deed]," and the Bassetts rely on the following quote from *Turner*. "[T]he safer course for the prudent seller is to expressly reserve any such water rights in the conveyance documents." 2005–NMSC–009, ¶ 26, 137 N.M. 381, 111 P.3d 701. We consider this phrase to be dictum. *See Ruggles v. Ruggles*, 116 N.M. 52, 59 n. 8, 860 P.2d 182, 189 n. 8 (1993) (defining "dictum" as a statement that is unnecessary to a holding). Accordingly, we do not conclude that this comment in *Turner* was intended to establish breach of duty by Atkinson. *See Montoya v. Pearson*, 2006–NMCA–097, ¶ 11, 140 N.M. 243, 142 P.3d 11.

{10} On the contrary, the *Turner* Court held that "[i]ndividuals who hold water rights, like the Bassetts, and follow the statutory and administrative procedures to effect a severance and initiate a transfer, may convey the underlying land severed from its former water rights, without necessarily reserving those water rights to the seller in the conveyance documents." 2005–NMSC–009, ¶ 25, 137 N.M. 381, 111 P.3d 701. The Bassetts argue that this language does not specifically hold that Atkinson did not breach his duty, and they are correct. In *Turner*, however, the claim against the Bassetts was based on the contention that the deed, as drafted by Atkinson, conveyed water rights that the Bassetts did not intend to convey. *Id.* ¶¶ 6–7. The Supreme Court concluded that the deed did not convey the water rights

to Turner. *Id.* ¶¶ 25–28. "[T]he conveyor of title to the land who has acquired a permit need not express in the conveyance documents that which is already presumed as a matter of law: the land passes without water." *Id.* ¶ 24. We therefore conclude that the deed prepared by Atkinson was legally sufficient to convey the property without water rights. This leads us to the issue of breach of duty.

{11} In determining whether an attorney has breached a duty, this Court has considered the facts of the underlying dispute in order to determine whether an attorney's failure to act could have been negligent. In *Selby v. Roggow*, 1999–NMCA–044, 126 N.M. 766, 975 P.2d 379, the plaintiffs contended that the defendants "committed malpractice by failing to raise several compulsory counterclaims which, if filed, would have resulted in [the p]laintiffs. prevailing in the foreclosure action." *Id.* ¶ 3. The trial court granted summary judgment. *Id.* After considerable analysis, *id.* ¶¶ 12–20, this Court determined that "a counterclaim. . . . based upon [the plaintiffs'] theory[,] even if it had been filed, would have failed." *Id.* ¶ 21. As a result, the *Selby* Court held that the plaintiffs raised no issues of material fact, *id.* ¶ 4, and that the "[d]efendants' failure to raise such a counterclaim . . . as a matter of law did not constitute legal malpractice." *Id.* ¶ 21; *cf. Meiboom v. Carmody*, 2003–NMCA–145, ¶ 27, 134 N.M. 699, 82 P.3d 66 ("We decide only that . . . there are genuine issues of material fact concerning whether [the p]laintiffs might have prevailed in the underlying case[.]"). Under the facts of the present case, *Turner* established that a claim against the Bassetts could not survive summary judgment if the claim were based on Atkinson's failure to include the reservation language in the deeds. *See* 2005–NMSC–009, ¶¶ 1, 24, 137 N.M. 381, 111 P.3d 701. Consequently, we conclude that Sheehan's prima facie case successfully negated the element of breach of duty. The Bassetts were therefore required to rebut Sheehan's case; accordingly, we review the evidence provided by the Bassetts.

182

## B.   The Bassetts' Evidence

■ {12} In response to Sheehan's prima facie case, the Bassetts rely on a number of cases from other jurisdictions for the proposition that "despite an advantageous final result in a matter, an attorney will not be immune from responsibility for the costs and damages resulting from mistakes made and departures from the standard of care." After reviewing these cases, we consider them to be distinguishable from the present dispute.

{13} In *Sindell v. Gibson, Dunn & Crutcher,* 54 Cal.App.4th 1457, 63 Cal.Rptr.2d 594 (1997), the defendant attorneys negligently failed to obtain a necessary consent from the client's wife. *Id.* at 596. The California Court of Appeal pointed out that "when [the] defendants failed to obtain that consent, their negligence made possible litigation asserting a community property claim which could not have otherwise been raised." *Id.* at 601. The court thus held that the client could properly claim the attorney fees resulting from the litigation as damages that flowed from the attorneys' negligence. *Id.* at 602. Similarly, *Rogers v. Hurt, Richardson, Garner, Todd & Cadenhead,* 203 Ga.App. 412, 417 S.E.2d 29 (1992), held that a trial judge improperly granted summary judgment because even though the plaintiffs suffered no actual judgment against them because of the attorneys' legal advice, the plaintiffs provided evidence that they suffered damages as a result of the defendant attorneys' allegedly negligent advice. *Id.* at 33. Both *Sindell* and *Rogers* focus on whether the plaintiffs suffered damages as a result of negligent advice and do not consider the question of breach. In *Sindell,* there was no question about the attorneys' negligence in the affair; the court assumed the attorneys' negligence. *See* 63 Cal.Rptr.2d at 598. The trial court in *Rogers* granted summary judgment based on a failure of the plaintiffs to show damages resulting from the legal advice. 417 S.E.2d at 32. There is no discussion in *Rogers* regarding breach of duty. In the present case, Sheehan does not argue that the Bassetts incurred no expense. Instead, Sheehan contends that the Bassetts did not provide any evidence to establish that Atkinson was negligent. *Sindell* and *Rogers* do not provide direction on that issue.

{14} In *John B. Gunn Law Corp. v. Maynard,* 189 Cal.App.3d 1565, 235 Cal.Rptr. 180 (1987), the trial court refused a jury instruction on causation tendered by the plaintiff. *Id.* at 183. The California Court of Appeal reversed and held that the client was entitled to a jury instruction based on her theory of causation. *Id.* at 184. *Maynard* stands for the proposition that a jury should be instructed on conflicting theories of causation, *id.,* and does not address breach of duty.

{15} *Mieras v. DeBona,* 452 Mich. 278, 550 N.W.2d 202 (1996), is equally unhelpful. That court held that an attorney drafting a will owes a duty of care to the third-party beneficiaries of the will. *Id.* at 214–15. While we agree that attorneys owe a duty of care to their clients, any duty to third parties is not an issue in the present case.

■ {16} *First Interstate Bank of Denver v. Berenbaum,* 872 P.2d 1297 (Colo.Ct.App. 1993), appears to address the Bassetts' contentions directly, but it does not advance the Bassetts' position. In *Berenbaum,* the Colorado Court of Appeals identified that Colorado attorneys owe their clients a duty to anticipate "reasonably foreseeable risks." *Id.* at 1300. Then the court explained that "[i]f language included within a document because of the acts or omissions of an attorney results in litigation, even if the language is ultimately construed in favor of the client, then the question remains whether reasonably prudent attorneys should have foreseen that the likely result of its inclusion would be litigation." *Id.* We reject this proposition for two reasons. First, in New Mexico, "a mere error of judgment or mistake in point of law that has not been settled by the highest court of law and upon which reasonable lawyers may differ, will not subject an attorney to liability." *First Nat'l Bank of Clovis v. Diane, Inc.,* 102 N.M. 548, 552, 698 P.2d 5, 9 (Ct.App.1985). Second, after Sheehan made a prima facie case and negated the element of breach, the Bassetts came forward with no admissible evidence to show that Atkinson's drafting resulted in a foreseeable risk of litigation. Therefore, we do not consider *Berenbaum* to be instructive.

{17} In *Sizemore v. Swift*, 79 Or.App. 352, 719 P.2d 500 (1986), the Court of Appeals of Oregon determined that because there was a question of fact about the reasonableness of the attorneys' conduct, a trial court improperly granted summary judgment in a legal malpractice case. *Id.* at 504. The attorneys drafted a trust, which was later the subject of litigation. *Id.* at 501–02. The client was successful in the litigation but then brought suit against the drafting attorneys. *Id.* The client provided evidence, in the form of an affidavit, that the trust created by the attorneys was "not reasonable under Oregon practice." *Id.* at 504. The court noted that "[j]ust as the fact of litigation does not in itself prove negligence, so ultimate success in the litigation does not in itself disprove it." *Id.* (citation omitted).

{18} In the present case, the Bassetts provided no evidence to establish the element of breach after the burden shifted from Sheehan. Where the *Sizemore* plaintiff provided an affidavit regarding the standard of care in Oregon, *id.*, the Bassetts responded to Sheehan's motion with dictum from *Turner* and citations to several cases from out-of-state jurisdictions. The Bassetts did not provide affidavits or expert testimony about the reasonableness of Aktinson's actions at the time the deeds were drawn. Instead, the Bassetts pointed to statements made by Sheehan before the *Turner* opinion was issued, when Sheehan examined the feasibility of a claim against Atkinson for the Bassetts. This deposition testimony does not establish that at the time Atkinson drew the deeds, an attorney exercising reasonable care would have included the express severance language in the deeds. The Bassetts provided no evidence tending to show a breach of duty by Atkinson, and they provided no additional facts that would forestall summary judgment.

{19} It is well established that "[i]f the facts are not in dispute, but only the legal effect of the facts is presented for determination, then summary judgment may properly be granted." *Koenig v. Perez*, 104 N.M. 664, 666, 726 P.2d 341, 343 (1986). The facts in the present case are not in dispute. There is no question that Atkinson prepared the deed and that the deed did not include language that would have expressly severed the water rights from the property. *Turner* determined the legal effect of these undisputed facts. The Bassetts did not raise additional facts. We therefore hold that there are no material facts in dispute and that summary judgment was properly granted for Sheehan. *See Wood v. Cunningham*, 2006–NMCA–139, ¶ 6, 140 N.M. 699, 147 P.3d 1132.

### III. CONCLUSION

{20} We affirm the trial court.

{21} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and IRA ROBINSON, Judges.