This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**YOSEF LE ROI MUSTAFANOS,**

Plaintiff-Appellant,

vs.                                                              **No. 33,428**

**NEW MEXICO DEPARTMENT OF PUBLIC SAFETY-MOTOR TRANSPORTATION DIVISION/MOTOR TRANSPORTATION POLICE and OFFICER LEON BEACHMAN,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Yoself Le Roi Mustafanos
Silver Springs, NV

Pro Se Appellant

Barbara M. Smith
Roswell, NM
P. Cholla Khoury
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Plaintiff, who is self-represented, appeals from a district court order dismissing his civil suit against a police officer and the Department of Public Safety. We issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition. We affirm.

**{2}** Plaintiff has raised four issues that we have consolidated as an argument that the district court erred in granting Defendants' motion to dismiss. Because the record includes matters outside of the pleadings, we review this as a summary judgment case. *See First Sw. Fin. Servs. v. Pulliam*, 1996-NMCA-032, ¶ 4, 121 N.M. 436, 912 P.2d 828 (stating that we review motions to dismiss as motions for summary judgment when the district court considered matters outside the pleadings in making its ruling). We review this issue de novo; *see also Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* When reviewing a motion for summary judgment, a court must "view the facts in a light most favorable to the party opposing summary judgment and draw all reasonable inferences in support of a trial on the merits." *Romero v. Philip*

*Morris Inc.*, 2010-NMSC-035, ¶ 7, 148 N.M. 713, 242 P.3d 280 (internal quotation marks and citation omitted).

{3}     NMSA 1978, Section 41-4-4(A) (2001) provides that governmental entities and public employees, while acting within the scope of duty, are granted immunity from liability for any tort except where, as provided by specific statutory exceptions, immunity is waived. *See Ford v. N.M. Dep't of Pub. Safety*, 1994-NMCA-154, ¶ 26, 119 N.M. 405, 891 P .2d 546 ("[A]bsent a waiver of immunity under the Tort Claims Act, a person may not sue the state for damages for violation of a state constitutional right."). Among other exceptions, immunity granted under Section 41-4-4 does not apply to malicious prosecution, abuse of process, libel, slander, defamation, "or deprivation of any rights, privileges, or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." NMSA 1978, § 41-4-12 (1977).

{4}     Regardless of which specific exceptions apply to the allegations made in Plaintiff's amended complaint [RP 34], his lawsuit is predicated on the unsupported factual claim that Defendant/Officer Beachman issued a traffic citation despite Beachman's knowledge that no violation had occurred. Defendants relied [RP 90-91] on the traffic citation, which indicates that Plaintiff was speeding. [RP 7] The citation contains Defendant Beachman's signature, and otherwise complies with the statutory

requirements for effectuating a traffic citation. *See* NMSA 1978, § 66-8-128 (2013). As such, Defendants established a prima facie showing for summary judgment, and Plaintiff was required to come forward with a sworn statement rebutting the validity of the citation. Notwithstanding Plaintiff's claim to the contrary, his assertion that Beachman knowingly issued a false citation and did not take corrective action thereafter is a predicate to any legal claim brought in this case. Because there is no indication that Plaintiff came forward with the requisite affidavit, we believe that the district court properly granted summary judgment. *See Bassett v. Sheehan*, 2008-NMCA-072, ¶ 5, 144 N.M. 178, 184 P.3d 1072 ("A defendant seeking summary judgment . . . bears the initial burden of negating at least one of the essential elements upon which the plaintiff's claims are grounded[,]" and "[o]nce such a showing is made, the burden shifts to the plaintiff to come forward with admissible evidence to establish each required element of the claim."(omission in original) (internal quotation marks and citations omitted)).

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

4

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**M. MONICA ZAMORA, Judge**