This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38682

**DALE PERKINS,**

Plaintiff-Appellant,

v.

**CHADWICK C. KENNEMER,**
**Personal Representative of the**
**ESTATE OF DONALD KENNEMER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

The Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Stiff, Keith & Garcia, LLC
John S. Stiff
Edward F. Snow
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Plaintiff appeals from the district court's judgment in his civil negligence action. We issued a notice of proposed summary disposition proposing to affirm. Plaintiff has responded with a timely memorandum in opposition, and Defendant has responded with a memorandum in support, both of which we have duly considered. We remain

unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}**     We restate the relevant factual and procedural background as follows. Plaintiff was an employee of Defendant and worked part-time as a handyman doing miscellaneous yard work and repair projects at Defendant's home. [DS 2; RP 329-330] On July 16, 2016, Defendant called Plaintiff to do some yard work, and when Plaintiff arrived, he discovered Defendant intoxicated and laying on the ground with a split left eye. [RP 330] Plaintiff asked whether he should call 911 for help, and Defendant responded "No." [RP 330] Plaintiff then tried to pick Defendant up off the ground, but Defendant struggled with him, and Plaintiff dropped him. [RP 330] Plaintiff then went into Defendant's residence and secured the assistance of his caregiver to help Plaintiff lift Defendant. [RP 330]

**{3}**     After Plaintiff attempted to lift Defendant the first time, he felt a sharp pain in his stomach, which he initially believed to be a pulled muscle. [RP 330] Plaintiff was later diagnosed with an incarcerated umbilical hernia and required two surgeries. [DS 4] On September 17, 2017, Plaintiff sued Defendant's estate for medical expenses, lost income, and pain and suffering, allegedly sustained as a result of lifting Defendant from the floor. [RP 1-2] Plaintiff's theory of negligence was that Defendant, as an employer, failed to provide a reasonably safe place in which to work by directing Plaintiff to render aid but failing to provide safety devices for lifting. [RP 232-233] Plaintiff also argued that Defendant failed to exercise ordinary care when he directed Plaintiff to render aid but deterred him from calling for a rescue. [RP 232-233]

**{4}**     After a bench trial, the district court issued findings of fact and conclusions of law determining that Plaintiff was Defendant's employee, and that Plaintiff was acting within the course and scope of his employment when he attempted to lift and render aid to Defendant. [RP 331] However, the district court determined that Plaintiff failed to meet his burden to establish either that Defendant breached his duty to provide a reasonably safe workplace or breached his duty to exercise ordinary care for the safety of home visitors. [RP 332]

**{5}**     We understand Plaintiff to maintain his argument that the district court erred in determining that he failed to establish that Defendant breached either duty. [MIO 2] "Breach of duty is generally a question to be decided by the fact-finder." *Bassett v. Sheehan*, 2008-NMCA-072, ¶ 9, 144 N.M. 178, 184 P.3d 1072; *see also Oakey v. May Maple Pharmacy, Inc.*, 2017-NMCA-054, ¶ 24, 399 P.3d 939 (recognizing that questions whether the defendant has exercised proper care in the performance of a legal duty are factual issues). Here, the district court found that no credible evidence was presented at trial that lifting equipment was reasonably necessary to provide a safe work environment or to meet the ordinary duty of care to a home visitor. [RP 332] Further, Plaintiff did not present credible testimony regarding what specific lifting equipment he contended should have been provided. The district court also found that, although Defendant requested that Plaintiff render him aid, the request was limited to assistance

with his injured eye, not lifting him off the ground, and there was no credible evidence that lifting equipment, even if available, would have been used. [RP 331-332]

{6}     Plaintiff does not argue that he presented evidence to show that lifting equipment was required to provide a safe workplace given the work he was required to do or that lifting equipment was required under the reasonable standard of care. *See Diaz v. McMahon*, 1991-NMCA-106, ¶ 7, 112 N.M. 788, 819 P.2d 1346 (discussing "that an employer has a duty to furnish employees [with] reasonably safe and suitable tools and equipment sufficient to do the work contemplated"); *see also Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 33, 134 N.M. 43, 73 P.3d 181 (stating that the "finder of fact must determine whether [the d]efendant breached the duty of ordinary care by considering what a reasonably prudent individual would foresee, what an unreasonable risk of injury would be, and what would constitute an exercise of ordinary care in light of all surrounding circumstances of the present case"). Additionally, although Plaintiff argues that, as an employee, he could not defy Defendant's instruction that he not call 911, Plaintiff does not dispute the district court's finding that he was not instructed by Defendant to lift him off the ground, nor does he demonstrate how he established below that the requirement that he not call 911 was the proximate cause of his injuries. *See Lewis v. Sampson*, 2001-NMSC-035, ¶ 35, 131 N.M. 317, 35 P.3d 972 ("It is the plaintiff's burden in a negligence case to prove the element of proximate causation."). Therefore, we continue to adhere to our view that the district court could properly conclude that Plaintiff failed to meet his burden to establish negligence, based either on Defendant's failure to provide lifting equipment or his instruction that Plaintiff not call for emergency assistance. *See Tanuz v. Carlberg*, 1996-NMCA-076, ¶ 23, 122 N.M. 113, 921 P.2d 309 (reviewing to determine whether "the trial court reasonably determined [the p]laintiff failed to meet her burden to show that [the d]efendant breached the applicable standard of care").

{7}     Plaintiff also continues to argue that Defendant was intoxicated when Plaintiff sustained his injuries, and that this is relevant to the issue of Defendant's liability. [MIO 2-3] In our notice of proposed summary disposition, we proposed to reject Plaintiff's argument that the district court erred by failing to attribute negligence to Defendant based on his intoxication, noting that the question of negligence due to Defendant's intoxication was not properly raised below, and the issue therefore did not appear to have been preserved. *See Schuster v. N.M. State Dep't of Tax'n & Revenue*, 2012-NMSC-025, ¶ 33, 283 P.3d 288 ("To preserve an argument for appellate review, it must appear that an appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

{8}     In his memorandum in opposition, Plaintiff contends that the issue was raised by his testimony that Defendant was drunk when he asked Plaintiff for assistance. [MIO 2-3] Plaintiff also argues that he preserved the issue in his proposed findings of facts and conclusions of law. [MIO 3] However, while Plaintiff testified at trial and sought a factual finding regarding Defendant's intoxication at the time of Plaintiff's injuries, Plaintiff made no claim that his injuries were proximately caused by Plaintiff's intoxication. Rather, Plaintiff's claims at trial were limited to negligence claims based on Defendant's alleged

failure to provide a reasonably safe workplace and his alleged failure to use ordinary care to prevent harm to Plaintiff. Both claims were premised solely on Plaintiff's allegations that Defendant failed to have lifting equipment available in his home and that he prevented Plaintiff from calling for emergency services. [RP 314-316, 330-331] We therefore perceive no error in the district court not attributing a degree of fault to Defendant based on his intoxication.

{9}     Accordingly, for these reasons and those stated in our notice of proposed summary disposition, we affirm the district court.

{10}   **IT IS SO ORDERED**.

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**BRIANA H. ZAMORA, Judge**